STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Appeal of | } | |
| Gerald and Patricia McCue | } | Docket No. 258-12-99 Vtec |
| | } | |
| | } | |

### Decision and Order on Motion to Dismiss Parties

This is the second of three related appeals[1] now pending in Environmental Court. In Docket No. 258-12-99 Vtec, Appellants Gerald and Patricia McCue appealed from a November 22, 1999 decision of the Zoning Board of Adjustment (ZBA) of the Town of Castleton, upholding a Notice of Violation issued to David and Gloria Jackson, who also filed a cross-appeal of the same decision. No zoning enforcement action has been filed to date by the Town based on the notice of violation on appeal in this case. Cross-Appellants David and Gloria Jackson are represented by John D. Hansen, Esq.; Appellants Gerald and Patricia McCue are represented by E. Patrick Burke, Esq.; Interested Person Agnes Earls has appeared and represents herself; and the Town is represented by John S. Liccardi, Esq.

Cross-Appellants have moved to dismiss Appellants McCue and Interested Person Agnes Earls as parties, arguing that they do not have standing as interested parties in this appeal as they did not initially appeal the notice of violation to the ZBA and because the notice of violation appeal is an enforcement action between the Town of Castleton and the Cross-Appellants.

The McCues and Ms. Earls are adjoining property owners to the Jackson property. As such, they have standing as interested persons under 24 V.S.A. §4464(b), and would also qualify as intervenors under V.R.C.P. 24(a)(2). Their participation or lack of

_____

[1] The other two appeals are: Appeals of Jackson, Docket Nos. 165-9-99 Vtec and 43-2-00 Vtec.

1

participation in prior proceedings may affect whether they are required to be sent notice of an appeal's having been filed in this Court, 24 V.S.A. §4471, but does not affect their status as interested persons.

We note, however, for the parties' future reference, that some of the relief requested by Appellants in their statement of questions may not be available in the present proceeding. This appeal is limited to the Notice of Violation and whether it should be upheld, amended or reversed in any way. As no enforcement action has been filed to date by the Town under 24 V.S.A. §§4444, 4445 or 4470(c) (or filed by any other party under 24 V.S.A. §4470(c)), neither injunctive relief nor money penalties could issue from the Court as a result of this appeal. Rather, the Court's order in this appeal must be limited to the Notice of Violation; any enforcement of a Notice of Violation, if one is upheld by this Court, would be for another proceeding.

Accordingly, based on the foregoing, Cross-Appellants' Motion to Dismiss Appellants McCue and Interested Person Agnes Earls as parties is DENIED. Docket No. 258-12-99 Vtec is consolidated with the two other appeals: Appeals of Jackson, Docket Nos. 165-9-99 Vtec and 43-2-00 Vtec.

The merits of all three appeals are scheduled to be heard on July 7, 2000. Any other pretrial motions should be filed on or before June 2, 2000, so that they may be briefed and decided before the scheduled hearing. For the parties' information, any postponement of the scheduled hearing would result in a rescheduled date after August 16, 2000.

Done at Barre, Vermont, this 22nd day of May, 2000.

_____
Merideth Wright
Environmental Judge

2